IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| KEITH MASON, on behalf of himself and others similarly situated, | ) ) ) ) | CIVIL ACTION NO. _____ |
| Plaintiffs, | ) ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| ATLANTA BEVERAGE COMPANY, | ) ) | COLLECTIVE ACTION |
| Defendant. | ) | |

**COLLECTIVE ACTION COMPLAINT**

**I.   SUMMARY**

1.  ATLANTA BEVERAGE COMPANY ("ABC"), a major beer and other beverage distributor in the metropolitan Atlanta area, is violating the Fair Labor Standards Act ("FLSA") by forcing its employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that ABC is legally obligated to pay.

2.  Plaintiff Keith Mason works for ABC as a merchandiser/stocker in and around Atlanta, Georgia and was damaged by this illegal policy or practice. Plaintiff was denied the compensation he is due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all other similarly

situated current or former merchandisers/stockers to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq.*

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Northern District of Georgia. 28 U.S.C. § 1391(b)(2).

## III. THE PARTIES

5. Plaintiff Mason works as a merchandiser/stocker for ABC in and around Atlanta, Georgia. Mr. Mason's job as a merchandiser/stocker for ABC is to travel to various retail establishments in Atlanta, such as Wal-Mart stores, and to restock the shelves of such stores with ABC's beverage products from the stores' stockroom supply. He is not responsible nor did he participate in selling or supplying ABC beverage products to such stores. He was tasked with making sure that the beverage products in the retail store stockrooms made their way to the store sales floors, and that the shelves of such stores were fully stocked with ABC's products. He regularly worked in

2

excess of 40 hours per week without receiving all the compensation he was due under the FLSA. Plaintiff Mason's consent is attached as Exhibit A.

6. The class of similarly situated employees consists of all current and former merchandisers/stockers who were employed by ABC during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant ATLANTA BEVERAGE COMPANY (ABC) is a Domestic For Profit Corporation incorporated under the laws of the State of Georgia with a principal place of business at 5000 Fulton Industrial Boulevard, Atlanta, Georgia 30336 that is engaged in commerce in the United States and is otherwise subject to the FLSA. ABC employs Plaintiff within the meaning of the FLSA. ABC may be served with process by serving ABC's registered agent, C. Mark Pirrung, at 5000 Fulton Industrial Boulevard, Atlanta, Georgia 30336.

### IV. BACKGROUND

8. ABC is a major beer and other beverage distributor in the Atlanta, Georgia metropolitan area. ABC distributed Anheuser-Busch beer products and dozens of other beverage types, both alcoholic and non-alcoholic, to retail stores and other establishments in Greater Atlanta.

9. ABC's merchandiser/stockers are responsible for restocking the sales floor shelves of retailers like Wal-Mart in the Atlanta area. They arrive at a store on their route, move ABC products from the stockroom to the sales floor, and fill the shelves on the sales floor with such products. They do not take orders for products from the retailers, and are not involved in selling or supplying such products to the retailers from the ABC distribution warehouse. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per work week. However, ABC did not pay its merchandisers/stockers one and one-half times their regular rate for all hours in excess of 40 each week. Instead, ABC misclassified Plaintiff and Members of the Class as salaried employees, paying them a flat-rate salary per week no matter how many hours they work during the workweek. As a result, ABC fails to properly compensate its employees under the FLSA.

**V. PLAINTIFF'S INDIVIDUAL ALLEGATIONS**

***A. ABC Failed to Properly Pay Regular and Overtime Compensation.***

10. Plaintiff works for ABC as a merchandiser/stocker. In the past, ABC had paid this position an hourly rate plus overtime. More recently, ABC pays the merchandisers/stockers, including Plaintiff, a salary without any overtime paid, no

matter how many hours the merchandisers/stockers work. Plaintiff frequently works more than 40 hours in a workweek, sometimes working several 14 hour days in a workweek.

11. Instead of a salary, the FLSA requires ABC to pay hourly compensation to the merchandisers/stockers for each hour they are suffered or permitted to work, and to pay overtime compensation at one and a half times their regular rates of pay for each hour they work in excess of 40 hours in a week. ABC should have paid Plaintiff for 40 hours of regular pay and several more hours of overtime in a typical workweek, but ABC failed to pay the Plaintiff that amount.

12. By failing to pay Plaintiff as described above, ABC has deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

B. *ABC Willfully Violated the FLSA.*

13. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. ABC failed to follow these rules when paying Plaintiff.

14. ABC had a policy and/or practice of not paying its employees for all of the regular time and overtime they worked each week at the proper rate. ABC should have paid its employees their regular hourly rate for all hours worked, and it should have paid its employees overtime compensation at one and one-half their regular rates for all hours worked in excess of 40 per workweek.

15. ABC knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

### VI. COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff is aware that ABC's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class are employed by ABC merchandisers/stockers performing the same or similar duties as Plaintiff in the Greater Atlanta area.

17. As with Plaintiff, Members of the Class frequently work more than 40 hours in a workweek without receiving any overtime compensation. And like Plaintiff, the Members of the Class are not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

18. ABC's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from

a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at ABC to pay its merchandisers/stockers a flat salary amount per week, regardless of the number of hours worked. As such, the Members of the Class are owed additional regular time and overtime compensation for precisely the same reasons as Plaintiff.

19. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former merchandisers/stockers who were employed by Atlanta Beverage Company or its predecessors during the three-year period preceding the filing of this complaint.**

20. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

21. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

### VII. CAUSES OF ACTION

22. All preceding paragraphs herein are incorporated by reference.

23. As set forth above, ABC violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a

week and by failing to provide proper overtime pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207.

24. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked as well as overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

25. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

26. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216(b).

### VIII. JURY DEMAND

27. Plaintiff demands a jury trial. Any required jury fee has been or will be timely paid.

### PRAYER

WHEREFORE, Plaintiff requests that this Court award him and Members of the Class judgment against ATLANTA BEVERAGE COMPANY for:

1. damages for the full amount of their unpaid wages;
2. damages for the full amount of their unpaid overtime compensation;

3.  an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;
4.  reasonable attorneys' fees, costs and expenses of this action;
5.  pre-judgment and post-judgment interest at the highest rate allowed by law; and
6.  such other and further relief as may be allowed by law.

DATED this 19th day of June, 2017.

Respectfully submitted,

/s/ Michael A. Mills
Michael A. Mills
MICHAEL A MILLS, P.C.
Georgia Bar No. 509720
1349 W. Peachtree Street, NW
Suite 1995
Atlanta, Georgia 30309
Telephone: 404-815-9220
Facsimile: 678-317-0956
Email: mike@millslegal.net
*Attorneys for Plaintiff*

/s/ Robert W. Cowan / MAM
Robert W. Cowan
BAILEY PEAVY BAILEY COWAN HECKAMAN, PLLC
Texas Bar No. 24031976
The Lyric Centre
440 Louisiana Street
Suite 2100

Houston, Texas 77002
Telephone: 713-425-7100
Facsimile: 713-425-7101
Email: rcowan@bpblaw.com
*Attorneys for Plaintiff*

/s/ *Katie McGregor* / MAM
Katie McGregor
BAILEY PEAVY BAILEY COWAN HECKAMAN, PLLC
Texas Bar No. 24098079
The Lyric Centre
440 Louisiana Street
Suite 2100
Houston, Texas 77002
Telephone: 713-425-7100
Facsimile: 713-425-7101
Email: kmcgregor@bpblaw.com
*Attorneys for Plaintiff*

# EXHIBIT A

# NOTICE OF CONSENT

I consent to be a party plaintiff in this action and, if necessary, a subsequent action, to recover any unpaid wages owed to me by:

Atlanta Beverage Company and related entities.

I consent to join the lawsuit in which this Notice of Consent is filed by Bailey Peavy Bailey Cowan Heckaman PLLC and/or any of its co-counsel (collectively "BPB") and on my behalf (the "Lawsuit").

I performed the duties and was paid in the manner described in the active Complaint or Petition in this Lawsuit.

If I am not a named Plaintiff in this Lawsuit, then I authorize the named Plaintiff(s) and BPB to file and prosecute the Lawsuit on my behalf, and I designate the named Plaintiff(s) to make decisions on my behalf concerning the Lawsuit, including negotiating and deciding a resolution of my claims, and I understand that I may be bound by such decisions, subject to Court approval if required.

I agree to be represented by BPB in this Lawsuit. I agree to be bound by the Contract of Representation executed between the named Plaintiffs in this Lawsuit and BPB, subject to the additional terms stated in this Notice of Consent. I may obtain a copy of the executed Contract(s) of Representation by contacting BPB in writing.

In the event this Lawsuit is not certified or is decertified, I authorize BPB to reuse this Notice of Consent to re-file my claims in separate or related action(s) against the named Defendant(s) in this Lawsuit.

_Keith E. Mason_
Signature

_Keith Eugene Mason_
Full Legal Name (print)

_5/10/17_
Date

BAILEY PEAVY BAILEY COWAN HECKAMAN PLLC
440 Louisiana Street, Suite 2100, Houston, Texas 77002
overtime@bpblaw.com • 1-866-713-8300

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1B. This document has been prepared in Courier New font, 12 point.

                                    MICHAEL A MILLS, P.C.

                                    /s/ Michael A. Mills
                                    Michael A. Mills
                                    GA Bar No. 509720
                                    1349 W. Peachtree St. NW
                                    Suite 1995
                                    Atlanta, Georgia 30309
                                    Telephone: (404) 815-9220
                                    Facsimile: (678) 317-0956
                                    mike@millslegal.net