IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH MASON on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br><br>ATLANTA BEVERAGE COMPANY,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:17-CV-2293-TWT |

## OPINION AND ORDER

This is an FLSA action. It is before the Court on the Plaintiff's Motion for Conditional Class Certification [Doc. 15] and the Plaintiff's Motion for Leave to Supplement Plaintiff's Motion for Conditional Class Certification [Doc. 28]. For the reasons set forth below, the Plaintiff's Motion for Conditional Class Certification [Doc. 15] is GRANTED and the Plaintiff's Motion for Leave to Supplement Plaintiff's Motion for Conditional Class Certification [Doc. 28] is GRANTED.

## I. Background

The Plaintiff Keith Mason was formerly employed as a merchandiser/stocker for the Defendant Atlanta Beverage Company.[1] The Defendant is a major beer and beverage wholesale distributor in the Atlanta metropolitan area.[2] The Defendant distributes both alcoholic and non-alcoholic beverages to retail stores and other establishments in the Atlanta area.[3] It employs merchandisers and stockers to travel to these various retail establishments and restock shelves with the Defendant's beverage products from its stockroom supply.[4] The Plaintiff alleges, on behalf of himself and other similarly situated individuals, that he was denied overtime compensation for time worked in excess of forty hours in a workweek, in violation of the FLSA. According to the Plaintiff, he and other merchandisers were paid a salary without any overtime payment, no matter how many hours they worked.[5] He now moves for conditional class certification.

---

[1] Pl.'s Mot. for Conditional Class Certification, at 2. The Defendant notes that the Plaintiff voluntarily resigned from employment on January 9, 2018, the same day that he filed this Motion. Def.'s Br. in Opp'n to Pl.'s Mot. for Conditional Class Certification, at 1 n.1.

[2] Pl.'s Mot. for Conditional Class Certification, at 2.

[3] *Id.*

[4] *Id.*

[5] Compl. ¶ 10.

## II. Legal Standard

A collective action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]"[6] This Court has discretion to authorize the sending of notice to potential class members in a collective action.[7] Unlike class actions under Rule 23, a collective action under the FLSA requires individuals to opt-in to the action instead of opting out.[8] Whether or not to certify a collective action is "soundly within the discretion of the district court."[9]

Courts typically employ a two-step process to determine whether employees are similarly situated so that collective action is proper. The first step is the "notice" or "conditional certification" stage.[10] At this stage, the Court may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the Defendant who desire to

---

[6] 29 U.S.C. § 216(b).

[7] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).

[8] *Shabazz v. Asurion Ins. Serv.*, No. 3:07-0653, 2008 WL 1730318, at *2 (M.D. Tenn. 2008) (citing *Douglas v. GE Energy Reuter Stokes*, No. 1:07-CV-77, 2007 WL 1341779, at *2 (N.D. Ohio 2007)).

[9] *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

[10] *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260-61 (11th Cir. 2008).

opt-in; and (2) that these other employees are "'similarly situated' with respect to their job requirements and with regard to their pay provisions."[11]

Ordinarily, a class plaintiff's burden is "not particularly stringent," "fairly lenient," and "not heavy," and may be met with "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary."[12] While courts have not defined "similarly situated," it is clear that a plaintiff does not need to show that his position is "identical" to the position held by any other putative class member.[13] The Court has "broad discretion at the notice stage," but is "constrained, to some extent, by the leniency of the standard for the exercise of that discretion."[14] The Eleventh Circuit has noted that "[n]othing in our circuit precedent, however, requires district courts to utilize this [two-tiered] approach."[15] "The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court."[16]

---

[11]   *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

[12]   *Morgan*, 551 F.3d at 1261; *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996).

[13]   *Grayson*, 79 F.3d at 1096.

[14]   *Morgan*, 551 F.3d at 1261.

[15]   *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

[16]   *Id.*

Here, the Defendant urges the Court to employ a more stringent standard. According to the Defendant, the lenient standard articulated in *Hipp* does not apply in this case since the parties have engaged in four months of discovery.[17] The Court agrees that the standard in *Hipp* may not be an appropriate fit for the procedural posture of this case. "Specifically, '*Hipp* envisions that the certification process will begin early in the litigation prior to discovery and, thus, gives plaintiffs some leeway in proof at the initial stage.'"[18] Because of this, "some courts within the Eleventh Circuit have determined that '[t]he rationale for the 'fairly lenient standard' [at the notice stage] . . . disappears, however, once plaintiffs have had an opportunity to conduct discovery with respect to defendant's policies and procedures.'"[19] Instead, it is appropriate "to apply a stricter, more searching, standard of review than that advocated in *Hipp* for a first-stage review."[20]

Here, the discovery period was open for four months before the Plaintiff filed this Motion for Conditional Class Certification. The Court therefore

---

[17] Def.'s Br. in Opp'n to Pl.'s Mot. for Conditional Class Certification, at 4-6.

[18] *Ide v. Neighborhood Restaurant Partners, LLC*, 32 F. Supp. 3d 1285, 1290 (N.D. Ga. 2014) (quoting *Pickering v. Lorillard Tobacco Co.*, No. 2:10-CV-633-WKW, 2012 WL 314691, at *8 (M.D. Ala. Jan. 30, 2012)).

[19] *Id.* at 1291 (quoting *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004)).

[20] *Pickering v. Lorillard Tobacco Co.*, No. 2:10-CV-633-WKW, 2012 WL 314691, *9 (M.D. Ala. Jan. 30, 2012).

concludes that a heightened standard of scrutiny is necessary. "This case . . . is in a different procedural posture than that envisioned by *Hipp*, and therefore a more searching standard of review is appropriate."[21] The Plaintiff has had some time to conduct discovery and provide evidence concerning the Defendant's policies and procedures. This has given him the opportunity to collect more evidence to support his class action allegations.

Thus, the Court will apply a more searching standard. The Plaintiff will not be permitted to rely only on the allegations in the Complaint. Instead, "he must rely on the evidence, and all the evidence will be considered, not just" the Plaintiff's.[22] He "must present sufficient evidence that establishes there are similarly situated employees that should receive notice of this action."[23] However, "[w]hile certain district courts have applied a stricter standard at the notice stage than the one articulated in *Hipp*, it does not appear a court has articulated the exact standard of proof applicable to a motion for conditional certification filed after extensive discovery has taken place."[24] The Court "need

---

[21] *See Ledbetter v. Pruitt Corp.*, No. 5:05-CV-329, 2007 WL 496451, at *2 (M.D. Ga. Feb. 12, 2007).

[22] *Pickering*, 2012 WL 314691, at *9.

[23] *Ide v. Neighborhood Restaurant Partners, LLC*, 32 F. Supp. 3d 1285, 1292 (N.D. Ga. 2014).

[24] *Id.* at 1291.

not define precisely where along the continuum of proof this case lies."[25] This is because "the strength of any heightened standard may shift based on the amount of discovery that has taken place in a given action."[26]

However, applying a more rigorous level of scrutiny does not mean that the Court will hold the Plaintiff to an unnecessarily "harsh" standard. Instead, this means that, since some discovery has been undertaken, the Court will consider more evidence than just the pleadings and will use what information is available to more accurately decide whether certification is appropriate in this case.[27] As one court described in similar circumstances:

> Tuesday Morning contends that, because the parties have conducted discovery, the court should "apply a more rigorous standard than that called for by Hipp" before facilitating class notice. If by "rigorous," Tuesday Morning is suggesting that the court should apply a 'harsher' or 'more demanding' standard, this court in *Davis* did not mean that. Instead, the court meant that, because the parties had conducted some discovery, the court could, and should, be 'more accurate' in its assessment of whether a collective action is warranted. As this court stated, a more rigorous standard is appropriate when parties have conducted "extensive discovery" and can "marshal their best evidence." In short, the court should make use of whatever information it has available at the time; it would be a waste of judicial resources to do otherwise. Indeed, it would be

---

[25] *Pickering*, 2012 WL 314691, at *9; *see also Ide*, 32 F. Supp. 3d at 1292 ("Likewise, the undersigned will not attempt to define the exact parameters of a heightened standard that is applicable to all motions for conditional certification filed after extensive discovery has taken place.").

[26] *Ide*, 32 F. Supp. 3d at 1292 n.5.

[27] This is especially true given the fact that discovery had not concluded when this Motion was filed, unlike most of the cases cited by the Defendant.

illogical and wasteful to all concerned to certify a collective action
if the evidence is already sufficient to indicate that a decertification is likely to follow.[28]

This reasoning is consistent with the "broad remedial purposes" of the FLSA.[29] Thus, the Court will not hold the Plaintiff to an unreasonable or harsh standard. Instead, the Court will carefully look at the evidence submitted by each party and decide whether conditional certification of a collective action is wise at this point in the litigation.

### III. Discussion

### A. The Putative Class Members are Similarly Situated

The first question for the Court is whether the named Plaintiff and the putative members of the proposed class are similarly situated. The Eleventh Circuit has explained that "opt-in plaintiffs 'need show only that their positions are similar, not identical, to the positions held by the putative class members.'"[30] "The 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance)."[31] "[V]ariations in specific duties, job locations, working hours, or

---

[28] *Creel v. Tuesday Morning, Inc.*, No. 2:09cv728-MHT, 2013 WL 1896162, at *4 (M.D. Ala. May 6, 2013).

[29] *See Garner v. G.D. Searle Pharm. & Co.*, 802 F. Supp. 418, 422 (M.D. Ala. 1991).

[30] *Calderone v. Scott*, 838 F.3d 1101, 1104 (11th Cir. 2016) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001)).

[31] *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996).

the availability of various defenses are examples of factual issues that are not considered at this stage."[32] In other words, as long as the Plaintiff can show that the members of the proposed class all shared the same position or were subject to the same policy, they are similarly situated.[33]

Here, the Plaintiff has sufficiently made this showing, even when applying a more rigorous standard. The Plaintiff proposes a relatively narrow class. The Plaintiff seeks to represent a class of similarly situated beverage merchandisers and stockers employed by the Defendant from June 19, 2014 to the present.[34] According to the Defendant, it only employs about 30 merchandisers total.[35] This undoubtedly would be a small class. The declarations provided by the Plaintiff demonstrate that there are other merchandisers and stockers who performed the same job duties and were also paid a salary or flat rate. Even when more carefully considering the evidence offered by the parties, the Court finds that the Plaintiff has offered sufficient evidence that the putative class members are similarly situated. Nonetheless, based upon the evidence provided, the Court concludes that the Plaintiff's proposed class should still be narrowed.

---

[32] *Scott v. Heartland Home Finance, Inc.*, No. 1:05-CV-2812-TWT, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006).

[33] *See id.* at *2 (stating that while a unified policy, plan, or decision affecting all putative class members can be sufficient to establish members as being similarly situated, it is not strictly necessary).

[34] Pl.'s Mot. for Conditional Class Certification, at 4.

[35] Akins Decl. ¶ 4.

Instead of the proposed class, the Court approves a conditional class including all current and former merchandisers and stockers who were employed by the Defendant from June 19, 2014 to the present at its Atlanta and Marietta facilities, and who were paid a salary or flat rate. Otherwise, the putative class would include those employees who were not paid in a similar manner. The Court concludes that this conditional class addresses the deficiencies highlighted by the Defendant while also encouraging the remedial purposes behind the FLSA.

The Defendant argues that the Plaintiff is not similarly situated to the other putative class members. Specifically, the Defendant argues that the Plaintiff has not established "the existence of similar pay provisions among the putative class."[36] According to the Defendant, it paid its merchandisers in a number of different ways, depending upon their dates of employment, job duties, and locations.[37] The Defendant cites the declaration of Kelly Akins, the Vice President of Human Resources for Atlanta Beverage Company, in support of this proposition. However, the Plaintiff has offered the declarations of three merchandisers who have opted into this lawsuit, including himself, who each state that they were paid a salary or flat rate by the Defendant. In each of these declarations, the merchandisers also explain that based upon their own

---

[36] Def.'s Br. in Opp'n to Pl.'s Mot. for Conditional Class Certification, at 9.

[37] *Id.* at 10.

experiences, observations, and conversations, they have personal knowledge that other merchandisers and stockers employed by the Defendant were paid in a similar manner.[38] This evidence is sufficient for conditional certification of the putative class at this point in the case. Although the Defendant may not have paid every merchandiser and stocker the flat rate alleged by the Plaintiff, it does not dispute that it paid a significant number of these employees with a salary or some other flat rate. In the Court's view, the merchandisers and stockers who were paid in this manner constitute an appropriate class for conditional certification, even if there are other employees who were paid in a different fashion.

The Defendant also contends that even if some merchandisers and stockers were paid a salary or flat rate, they were also paid an hourly wage at certain points. Thus, according to the Defendant, there was no uniform policy of paying merchandisers a salary rate.[39] It also emphasizes the Plaintiff's admission that he was paid on an hourly basis at certain points during his employment.[40] However, Campbell and Calamia both state in their declarations that they were always paid a flat rate or weekly salary by the Defendant, and

---

[38] *See* Mason Decl. ¶¶ 5-8 [Doc. 15-2]; Campbell Decl. ¶¶ 5-9 [Doc. 15-3]; Calamia Decl. ¶¶ 5-9 [Doc. 28-1].

[39] Def.'s Br. in Opp'n to Pl.'s Mot. for Conditional Class Certification, at 9.

[40] *Id.* at 9 n.4.

were always refused overtime compensation.[41] Furthermore, the Plaintiff explains that he was paid a flat rate for the vast majority of his employment with the Defendant. Specifically, he was paid an hourly wage for his first month of employment, and then was paid a flat rate for over a year.[42] The Defendant then began to pay him an hourly rate once he filed this action.[43] This evidence shows that the Defendant did employ a policy of paying merchandisers a flat rate, even if at certain points some of these merchandisers were paid an hourly rate.

The Defendant then argues that the Plaintiff has failed to show that he is similarly situated to merchandisers at other facilities. The Defendant maintains three facilities: one in Atlanta, one in Marietta, and one in Griffin.[44] The Plaintiff worked out of the Atlanta facility.[45] The Defendant contends that the Plaintiff has not shown that merchandisers and stockers who work out of these other two facilities were paid pursuant to the same policy as him. In fact, in her declaration, Akins explains that the Defendant has at all times

---

[41]    Campbell Decl. ¶ 6; Calamia Decl.¶ 6.

[42]    Mason Decl. ¶ 6.

[43]    *Id.*

[44]    Akins Decl. ¶ 4 [Doc. 17-1].

[45]    *Id.* ¶ 9.

were always refused overtime compensation.[41] Furthermore, the Plaintiff explains that he was paid a flat rate for the vast majority of his employment with the Defendant. Specifically, he was paid an hourly wage for his first month of employment, and then was paid a flat rate for over a year.[42] The Defendant then began to pay him an hourly rate once he filed this action.[43] This evidence shows that the Defendant did employ a policy of paying merchandisers a flat rate, even if at certain points some of these merchandisers were paid an hourly rate.

The Defendant then argues that the Plaintiff has failed to show that he is similarly situated to merchandisers at other facilities. The Defendant maintains three facilities: one in Atlanta, one in Marietta, and one in Griffin.[44] The Plaintiff worked out of the Atlanta facility.[45] The Defendant contends that the Plaintiff has not shown that merchandisers and stockers who work out of these other two facilities were paid pursuant to the same policy as him. In fact, in her declaration, Akins explains that the Defendant has at all times

---

[41]    Campbell Decl. ¶ 6; Calamia Decl.¶ 6.

[42]    Mason Decl. ¶ 6.

[43]    *Id.*

[44]    Akins Decl. ¶ 4 [Doc. 17-1].

[45]    *Id.* ¶ 9.

compensated merchandisers and stockers at its Griffin facility on an hourly basis, with overtime compensation for hours worked over forty in a workweek.[46]

While it is true that the Plaintiff has offered no evidence as to the pay policies at the Griffin location, he has offered the declaration of Justin Calamia, who worked at both the Atlanta and Marietta facilities.[47] In his declaration, Calamia states that he worked at both of these facilities, and that at all times he was paid a weekly salary.[48] Calamia contends that the Defendant refused to pay him overtime compensation for time worked in excess of forty hours in a workweek.[49] Calamia also states that he has personal knowledge, based on interactions with his co-workers, that other merchandisers and stockers that worked at these locations were paid in the same fashion.[50] The Court concludes that this evidence is sufficient at this stage of the litigation to show that the Defendant employed a similar policy of paying merchandisers and stockers a flat

---

[46] *Id.* ¶ 8.

[47] The Defendant opposes the Plaintiff's Motion to Supplement its Motion for Conditional Class Certification, arguing that the Plaintiff seeks to introduce new evidence after the discovery period has already closed. However, given that Calamia has consented to join this litigation as a plaintiff, and given that the Defendant seeks to hold the Plaintiff to a higher standard with regard to its Motion for Conditional Class Certification due to the stage of the litigation, the Court finds it appropriate to consider Calamia's declaration.

[48] Calamia Decl. ¶¶ 2, 6.

[49] *Id.* ¶ 6.

[50] *Id.* ¶ 8.

rate at both its Atlanta and Marietta locations. Therefore, the Plaintiff has satisfied his burden in showing that the putative class is similarly situated.

### B. Desire to Opt-In

Next, the Plaintiff must demonstrate that there are other potential class members who desire to opt-in to this litigation.[51] The Plaintiff has the burden of demonstrating a "reasonable basis" for his assertion that similarly situated individuals exist and desire to join this lawsuit.[52] A "plaintiff 'may present evidence of other employees who desire to opt-in via affidavits, consents to join the lawsuit, or expert evidence on the existence of similarly-situated employees.'"[53] The Defendant contends that the Plaintiff has not produced sufficient evidence that such potential class members exist.[54] However, the Court is satisfied that there are other similarly situated employees who desire to opt-in.

---

[51] *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991) ("Before determining to exercise such power on application by Dybach upon remand of this case, the district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions.").

[52] *See Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983).

[53] *Palacios v. Boehringer Ingelheim Pharm., Inc.*, No. 10-22398-Civ-UU, 2011 WL 6794438, at *4 (S.D. Fla. Apr. 19, 2011) (quoting *White v. KcPar, Inc.*, No. 6:05-cv-1317-Orl-22DAB, 2006 WL 1722348, at *3 (M.D. Fla. June 20, 2006)); *see also Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004) ("[P]laintiffs must introduce more than their own statements that other potential class members exist.").

[54] Def.'s Br. in Opp'n to Pl.'s Mot. for Conditional Class Certification, at 7-8.

The Eleventh Circuit's standard for demonstrating interest at this stage is relatively vague. As a result, courts in this Circuit have varied widely in what they consider to be sufficient. For example, some courts require significant amounts of evidence indicating interest before they will conditionally certify a class.[55] Meanwhile, other courts have taken the requirement to mean that a plaintiff must merely show enough to raise class interest above "pure speculation."[56] The Court concludes that the latter, less stringent approach is the correct one. There is no magic number of plaintiffs that will show enough interest. The evidence provided, including the number of plaintiffs who have already opted-in or names of people who have indicated interest in joining the suit, must be considered in light of the size of the proposed class and the

---

[55] *Compare Wombles v. Title Max of Alabama, Inc.*, No. CIV.A. 303CV1158CWO, 2005 WL 3312670, at *1 (M.D. Ala. Dec. 7, 2005) (denying conditional certification for a class with five named plaintiffs who had personal knowledge of other interested class members, but no additional affidavits outside of those already involved in the case) *and Echevarria v. Las Vegas Beach, Inc.*, No. 10-20200-CIV, 2010 WL 2179747, at *1 (S.D. Fla. June 1, 2010) (denying conditional certification where "numerous employees have already opted in to the action," but no other evidence to indicate interest) *with Pendlebury v. Starbucks Coffee Co.*, No. 04-CV-80521, 2005 WL 84500, at *1 (S.D. Fla. Jan. 3, 2005) (approving conditional certification for a class with two plaintiffs, four additional affidavits of potential opt-in plaintiffs, and ten names of interested class members).

[56] *Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05-14237-CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006) (approving conditional certification where the presence of only one additional affidavit "rais[ed] the Plaintiff's contention beyond one of pure speculation"); *see also Riddle v. Suntrust Bank*, No. 1:08-CV-1411-RWS, 2009 WL 3148768, at *3 (N.D. Ga. Sept. 29, 2009) (approving conditional certification with three additional opt-in plaintiffs).

publicity of the suit at the time of the motion for conditional certification. The evidence required to show interest, for example, for a class consisting of a mom-and-pop store with three locations in a limited geographic area would likely be less than that required for a nationwide class of Walmart employees that has received considerable news coverage.[57]

In this case, in addition to the named Plaintiff Keith Mason, two other individuals have submitted consent forms opting-in to this litigation. Charles Cason Campbell and Justin Calamia, who were both employed by the Defendant as merchandisers/stockers, have consented to joining this litigation by signing Notice of Consent forms.[58] Furthermore, the Plaintiff has provided declarations by these two merchandisers/stockers, describing the type of work they performed for the Defendant and the manner in which the Defendant compensated them. They, along with the Plaintiff, also state in their declarations that a number of other employees who performed the same job duties were paid in a similar fashion.[59] Though there is no evidence as of yet as to the exact size of the putative class, it cannot be a relatively large one, as the Defendant only operates in the metro Atlanta area and only employs approximately 30

---

[57] *See Riddle*, 2009 WL 3148768, at *3 (approving conditional certification where three opt-ins might have constituted 22 percent of the putative class, which was also spread out over a wide geographic area).

[58] *See* Consent to Join Forms [Doc. Nos. 7-1, 27-1].

[59] *See* Mason Decl. ¶¶ 5-8 [Doc. 15-2]; Campbell Decl. ¶¶ 5-9 [Doc. 15-3]; Calamia Decl. ¶¶ 5-9 [Doc. 28-1].

merchandisers total.[60] Based upon this, the Court is satisfied at this point that the presence of the three plaintiffs sufficiently demonstrates an interest by other employees to opt-in to the suit.

### C. Proposed Notice

Finally, the Defendant objects to the Plaintiff's proposed notice on a number of grounds.[61] Rather than parse through and resolve each of these individual objections, the Court directs the parties to confer in good faith in an effort to submit a joint proposed opt-in notice for Court approval. The Court also orders the Defendant to provide the Plaintiff with a list of the names, addresses, and phone numbers for the putative class members.

### IV. Conclusion

For the reasons stated above, the Plaintiff's Motion for Conditional Class Certification [Doc. 15] is GRANTED and the Plaintiff's Motion for Leave to Supplement Plaintiff's Motion for Conditional Class Certification [Doc. 28] is GRANTED.

SO ORDERED, this 2 day of August, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[60] Akins Decl. ¶ 4 [Doc. 17-1].

[61] Def.'s Br. in Opp'n to Pl.'s Mot. for Conditional Class Certification, at 14-25.