# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEITH MASON, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:17-cv-02293-TWT ) ) |
| ATLANTA BEVERAGE COMPANY, | ) ) |
| Defendant. | ) ) |

## JOINT MOTION TO APPROVE SETTLEMENT
## AND TO DISMISS THIS ACTION WITH PREJUDICE

Named Plaintiff Keith Mason, on behalf of himself and others similarly situated (collectively "Plaintiffs") and Defendant Atlanta Beverage Company ("Defendant"), submit this Joint Motion to Approve Settlement and to Dismiss This Action with Prejudice ("Motion"), respectfully seeking Court approval of their settlement ("Settlement") of claims in this action.

The Parties reached the Settlement after months of investigation and arms-length negotiations. The Settlement, if approved, will provide meaningful relief to those affected. Accordingly, the Parties jointly request that the Court enter an Order approving the Settlement and dismissing this action with prejudice. A proposed

order is attached hereto as *Exhibit A*. In support of this Motion, the Parties jointly state as follows:

I.   **Background**

On June 19, 2017, Plaintiff Keith Mason on behalf of himself and others similarly situated, filed the instant action against Defendant asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Dkt. No. 1.) Plaintiffs are current and/or former merchandisers or stockers for Defendant. (*Id.*) The Complaint alleges that Defendant failed to pay Plaintiffs overtime compensation for all hours worked over 40 in a workweek, in accordance with the FLSA. (*Id.*) Plaintiffs further allege that during the relevant time period, Defendant improperly paid Plaintiffs a salary plus commission, but no overtime pay. (*Id.*) In other words, Plaintiffs allege that Defendant misclassified Plaintiffs as salaried, commissioned outsides sales persons. (*Id.*)

On July 12, 2017, Defendant filed its Answer, responding to Plaintiffs' Complaint, denying that Plaintiffs are entitled to overtime compensation. (Dkt. No. 4.) Defendant's Answer alleges that Plaintiffs satisfied the outside sales person exemption in Section 13 of the FLSA, 29 U.S.C. § 213 and are therefore barred from bringing their claims. (*Id.*) In support, Defendant alleges that the instant case is

analogous to *Reyes v. Goya Foods, Inc.*, 549 F. App'x 876, 877 (11th Cir. 2013). However, Plaintiffs argue *Goya* is entirely distinguishable to the facts in this case.

On December 20, 2017, Plaintiffs filed a Motion for Conditional Class Certification. (Dkt. No. 15.) On August 2, 2018, the Court granted Plaintiffs' Motion for Conditional Class Certification. (Dkt. No. 30.) Thereafter, Court-approved opt-in notices were sent to putative class members and the following nine additional Plaintiffs opted into the litigation, joining Named Plaintiff Keith Mason as well as early Opt-In Plaintiffs Charles Campbell and Justin Calamia, for a total of 11 Plaintiffs: Steven Alexander, Robert Bruno, Jeffrey Letner, Orine Ortiz, Thomas Prather, Robert Turnbow, Timothy Usnik, and Elliot Zimmerman.[1]

To assist Plaintiffs in their evaluation of the case, Defendant produced extensive payroll records and information regarding job descriptions. Defendant also provided Plaintiffs' counsel with legal authority in support of its defenses.

The Parties engaged in settlement negotiations based on their analysis and evaluation of relevant factors, including a number of factual questions that would be both costly and time-consuming to litigate, such as whether Plaintiffs worked in

---

[1] Plaintiff Charles Campbell opted into the lawsuit on July 27, 2017, Plaintiff Justin Calamia opted into the lawsuit on May 15, 2018, both joining after filing of the Complaint and before the Court granted Plaintiffs' Motion for Conditional Class Certification.

excess of 40 hours per week and whether such time was compensable. To avoid protracted and expensive litigation over these substantive issues, the Parties agreed to settle the claims in this case. The Parties are now seeking approval of the Settlement from the Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

This Settlement is the compromise of disputed claims and does not constitute an admission by Defendant of any violation of federal, state, or local law, or any duty owed to Plaintiffs. Defendant expressly denies having engaged in any wrongdoing or unlawful conduct. Furthermore, Defendant disputes Plaintiffs' entitlement to the amounts to be paid under this Settlement absent this Settlement. Nevertheless, the Parties have entered into this Settlement to avoid the risks, distractions, and costs that will result from further litigation. A copy of the executed Settlement and Release Agreement ("Agreement") is attached hereto as ***Exhibit B***.

The Parties therefore jointly request that the Court approve the Parties' Settlement and dismiss Plaintiffs' claims with Prejudice.

## II.  Legal Authority

### A.  The FLSA Permits the Settlement and Release of Claims with Court Approval.

In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released. First, Section 216(c) of the FLSA allows individuals to

settle and waive their claims under the FLSA if the payment of alleged unpaid wages is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores*, 679 F.2d at 1353. Second, where a private lawsuit is brought under Section 216(b) of the FLSA, an individual may settle and release FLSA claims so long as the parties present the district court with a proposed settlement and the district court enters a stipulated judgement approving the fairness of the settlement. *Id.* In addressing the circumstances justifying court approval of FLSA settlements, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

**B.     The Settlement is a Fair and Reasonable Resolution of the Bona Fide Disputes between the Parties.**

Following good faith, arms-length negotiations, the Parties have reached a settlement of all claims, which represents the resolution of a bona fide dispute between the Parties regarding the merits asserted in the action. Moreover, there has been no collusion, fraud, or any other inappropriate conduct by the Parties. Due to the disputed facts between the Parties, the uncertainties of litigation, and the benefit to both Parties in avoiding the expense and time associated with litigation, the Parties have agreed to settle this matter pursuant to the terms set forth in the Agreement attached hereto as ***Exhibit B***.

The proposed Settlement arises out of an FLSA collective action brought by Plaintiffs against Defendant, which is adversarial in nature. During the litigation and Settlement of this action, the Parties were represented by experienced counsel.

The Parties further agree that the Settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed facts at issue. Specifically, the Parties disagree as to whether Plaintiffs performed work in excess of 40 hours each work week and whether such time spent working, if any, was subject to overtime compensation.

The Parties, therefore, engaged in settlement discussions based upon their independent valuations of the case. The Parties, through their attorneys, voluntarily agreed to the terms of this Settlement during negotiations. The Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The Parties have signed the Settlement Agreement setting forth the terms of their agreement. The Parties believe the Settlement reached is fair, reasonable, and adequate and thus should be approved by the Court.

Attorneys' fees and costs for Plaintiffs' Counsel were separately negotiated after the Parties negotiated payments to be received by Plaintiffs, and constitute the full, final, and complete payment of all attorneys' fees, costs, and expenses associated with Plaintiffs' Counsel's representation of those persons in this lawsuit.

**C.     Plaintiffs Allocation of the Settlement is Fair and Reasonable.**

As noted above, Plaintiffs' claims against Defendant were strenuously contested by the latter, including defenses that Plaintiffs were exempt under the outside salesperson exemption, the amount of overtime hours Plaintiffs alleged to have worked, the method of calculating back wages, and that Defendant acted in "good faith" such that no liquidated damages were due. Therefore, Plaintiffs' success on the merits is uncertain.  During the litigation, extensive discovery was undertaken by both sides, including both written discovery and the depositions of

Plaintiff Mason and Plaintiff Campbell, as well as the deposition of Defendant's representative, Kelly Akins.

Based on the pay records provided by Defendant for each Plaintiff, Plaintiffs' counsel determined an average weekly pay amount for each Plaintiff over the number of weeks that each Plaintiff worked for Defendant. The average weekly pay amount included all regular payments, including commissions paid but not including fringe benefits and infrequent bonuses/extra payments, that each Plaintiff received while employed by Defendant during a three-year look back period up until November 23, 2018 (the "Average Weekly Pay Amount").[2] Then, using the average weekly number of hours that each Plaintiff alleged to have worked during his/her employment with Defendant,[3] individual hourly and overtime rates for each Plaintiff were calculated by dividing each Plaintiff's Average Weekly Pay Amount by the alleged average number of weekly hours worked. Those individual hourly and overtime rates were then multiplied by the average number of weekly hours worked including overtime hours, resulting in individual average weekly wage totals that each Plaintiff alleges s/he should have been paid while employed by Defendant.

---

[2] This represents the last date for which Defendant produced payroll records and is the approximate date that the Parties undertook settlement negotiations in earnest. Not all Plaintiffs worked for Defendant during the entire three-year look back period.
[3] Plaintiffs did not "clock in/out" for their work as merchandisers/stockers, so hourly time records were not available.

From those individual weekly wage totals, counsel subtracted the Average Weekly Pay Amount that was paid to each Plaintiff by Defendant during the same time period, the difference being the estimated amount of alleged unpaid wages for each Plaintiff.

In exchange for a limited release of FLSA-related claims, Plaintiffs will receive $62,078.84 under the Settlement Agreement, which represents the aggregate amount of each Plaintiffs' ***full back wages*** that Plaintiffs' counsel has estimated s/he is owed during the statutory period using the above-described calculation method.[4] (*See* Schedule A of Ex. B.) The same calculation method was uniformly applied for all Plaintiffs. The terms of the Settlement Agreement were approved and signed by the Named Plaintiff. Each Opt-In Plaintiff has signed and filed a consent form in which s/he agreed to be bound by the Named Plaintiff's decision to resolve this matter, subject to Court approval. (Dkt. Nos. 7, 27, 35–40.) Such awards are fair and reasonable in light of the strengths and weaknesses of Plaintiffs' claims, and it allows both Parties to minimize future risks and litigation costs.

---

[4] In addition, Named Plaintiff Keith Mason and Opt-In Plaintiff Charles Campbell have executed a full release in exchange for the service payment they are to receive under the Settlement Agreement.

**D.     The Service Awards to the Named Plaintiffs are Fair and Reasonable.**

In addition to the above, the Parties separately negotiated and agreed to a Service Award payment by Defendant of an additional $3,750 each for Plaintiffs Mason and Campbell's efforts and participation in the case. (Ex. B. ¶ 4.1.2.) Plaintiff Mason retained counsel and initiated this action, and both Plaintiff Mason and Plaintiff Campbell participated in extensive written discovery and gave their oral depositions, providing declarations in support of a successful Motion for Conditional Certification that permitted notice of the pending case to all other remaining Opt-In Plaintiffs, identified documents for production, satisfied all case deadlines imposed by the Court, and coordinated all the foregoing and other aspects of the case with their attorneys. The remaining Opt-In Plaintiffs were not required to participate in and/or complete the foregoing prior to this settlement. *See Vogenberger v. ATC Fitness Cape Coral*, No. 2:14-cv-FtM-29CM, 2015 WL 1883537, at *5 (M.D. Fla. Apr. 25, 2015) (finding that a $2,000 incentive payment reasonable in recognition of the amount of work plaintiff assisted with); *Galt v. Eagleville Hospital*, 310 F.Supp. 3d 483, 496 (E.D. Pa. 2018) (finding enhancement payment of $5,000 to

named plaintiff and pre-certification plaintiff reasonable where such plaintiffs "were directly and regularly involved in th[at] litigation.")

### E.   Plaintiffs are Entitled to Payment of Their Attorneys' Fees and Costs.

Section 216(b) of the FLSA provides that "[t]he court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Sahyers v. Prugh, Holdiay & Karatinos*, 603 F.3d 888, 893 n. 1 (11th Cir. 2010).

Congress enacted fee-shifting statutes to ensure that federal rights are adequately enforced. Under a fee-shifting statute, "a 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious" action to vindicate the rights protected under the statute. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The Supreme Court has stated that there is a "strong presumption" that the lodestar figure represents a reasonable attorneys' fee, which may be overcome only "in those rare circumstance in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 552.

Furthermore, "[i]n FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Spencer v. Cent. Servs., LLC*, No. CCB-10-03469, 2012 WL 142978, *4 n. 4 (D. Md. Jan. 13, 2012). Awarding employees their attorneys' fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, No. 3:01CV70 (DF), 2005 WL 3591962, at *3 (M.D. Ga. Dec. 30, 2005).

Here, the Parties agreed to an attorney fee payment, as set forth in the Settlement Agreement. (Ex. B, ¶ 4.1.3.) The settlement amount includes $58,921.16 of attorneys' fees and litigation costs throughout the nearly 20-month litigation. Plaintiffs' counsel's attorneys' fees and costs are based upon their lodestar hours calculated from pre-litigation through the settlement process and are reasonable given the complex legal theories presented in the case, as well as the amount of resources expended to investigate, research, and analyze Plaintiffs' claims, calculate damages, and negotiate the settlement. Specifically, Plaintiffs' counsel has litigated this case since June 2017, which has entailed: investigating the claims, drafting pleadings, drafting conditional certification motions, participating in three

depositions, responding to Defendant's written discovery requests, analyzing Defendant's responses to written discovery requests, calculating damages for all Plaintiffs, and negotiating the settlement. The activities undertaken in litigating this case and reaching the present agreement were reasonable and necessary.

The fees contained in the settlement agreement are consistent with the lodestar amount. The lodestar amount is the reasonable hourly rate multiplied by hours reasonably expended. *Cain v. Almeco USA, Inc.*, No. 1:12-cv-3296-TWT, 2014 WL 2158413, *1 (N.D. Ga. May 23, 2014). As to the time and labor required for this litigation, attached to this Motion as **Exhibit C** is the Declaration of Robert Cowan (lead counsel for Plaintiffs) outlining the attorneys' fees and litigation expenses incurred in this action and the reasonableness of said fees and expenses. At the time this motion was drafted, Plaintiffs' counsel has expended in excess of 398.8 hours litigating this case for a lodestar total of over $92,605.50. (*See* Decl. of Robert Cowan ¶¶ 3-8 (Ex. C).) (The actual, individual lodestar rates for Plaintiffs' counsel are Robert Cowan $350, Mike Mills $350, Katie McGregor $195, and Jana McKee $100, which are commensurate with fees charged for similar matters in this region. (*Id.*) *See Eason v. Bridgewater & Assocs.*, 108 F. Supp. 1358, 1364 (N.D. Ga. 2015) (finding fee rates of $400/hour for a partner's work and $250/hour and $325/hour for associates' work to be reasonable for FLSA litigation in the Atlanta area.))

However, the Parties have agreed to an attorneys' fees payment of $47,656.54. (Decl. of Robert Cowan ¶ 8 (Ex. C).) Additionally, Plaintiffs' counsel advanced reasonable and necessary costs on Plaintiffs' behalf throughout the 20-month litigation, which amounted to approximately $11,264.52, including primarily filing fees, deposition costs, expert fees, postage, airfare, and other travel expenses. (*Id.* ¶ 9.) In light of the above, Plaintiffs submit that the attorneys' fees and costs are reasonable and should be approved.

### III. Conclusion

The Parties jointly and respectfully request that the Court approve the Settlement Agreement of the Parties, and upon approval of the Settlement Agreement, that the Court dismiss this action with prejudice. A Proposed Order has been attached for the Court's convenience as ***Exhibit A***.

This 22nd day of March, 2019.

Respectfully submitted,

*s/Robert W. Cowan*
Robert W. Cowan
BAILEY COWAN HECKAMAN PLLC
5555 San Felipe Street, Suite 900
Houston, TX 77056
Telephone: 713-425-7100
rcowan@bpblaw.com

Michael A. Mills

*s/Matthew R. Simpson*
Matthew R. Simpson
Georgia Bar No. 540260
Michelli Rivera
Georgia Bar No. 709443
FISHER & PHILLIPS LLP
1075 Peachtree Street NE, Suite 3500
Atlanta, GA 30309

Case 1:17-cv-02293-TWT   Document 45   Filed 03/22/19   Page 15 of 16

| | |
|---|---|
| MICHAEL A MILLS, P.C.<br>Georgia Bar No. 509720<br>1349 W. Peachtree Street, NW<br>Suite 1995<br>Atlanta, Georgia 30309<br>Telephone: 404-815-9220<br>mike@millslegal.net<br><br>*Attorneys for Plaintiff* | Telephone: 404-231-1400<br>msimpson@fisherphillips.com<br>mrivera@fisherphillips.com<br><br>*Attorneys for Defendant* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEITH MASON, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | No. 1:17-cv-02293-TWT |
| v. ) ) | |
| ATLANTA BEVERAGE COMPANY, ) ) | |
| Defendant. ) _____) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 22nd day of March, 2019, electronically filed the foregoing **JOINT MOTION TO APPROVE SETTLEMENT AND TO DISMISS THIS ACTION WITH PREJUDICE** using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/Robert W. Cowan*
Robert W. Cowan